CASE 9—PETITION ORDINARY—OCTOBER 4.

# Commonwealth and Wakefield's ex'r, &c., vs. Thompson, &c.

### APPEAL FROM DAVIESS CIRCUIT COURT.

A circuit court clerk is not liable for the loss of a debt which resulted from his mistake in omitting to enter judgment, unless the loss or omission was caused by his gross negligence or fraud. The court further say: "It seems to us, that, in the absence of fraud, culpable negligence, or willful wrong, on the part of the clerk, the orders and judgments drawn up by him, although erroneous and prejudicial to the rights of parties, are, when approved and signed by the court, to be presumed to be the acts of the court, rather than the clerk, for which, for obvious reasons, and on well-settled principles, no right of action exists."

JAMES WEIR,                                           For Appellant.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

This was an action against Thompson and his sureties upon his official bond to recover the balance of a note of four hundred and fifty dollars, with interest from the 25th day of February, 1856, credited by three hundred dollars paid May 12th, 1856, executed by J. T. Nantz to C. Weathers, and which, it is alleged in the petition, was lost to Weathers' estate by negligence on the part of Thompson, as clerk of the Daviess circuit court, or his deputy, in omitting to enter judgment for said note in a suit on that and other claims brought by Weathers' executor against Nantz.

The circuit court sustained a demurrer to the petition and dismissed the action; and from that judgment this appeal is prosecuted.

Commonwealth and Wakefield's ex'r, &c., vs. Thompson, &c.

The petition does not allege corruption, or even facts constituting willful negligence on the part of the clerk, but seeks to recover simply on account of an error committed by mistake or oversight in the rendition of the judgment.

We are aware of no adjudication of this court, and have been referred to none, in which such a right of action has been held to exist; and we do not feel authorized in this case to establish such a precedent.

It seems to us, that, in the absence of fraud, culpable negligence, or willful wrong, on the part of the clerk, the orders and judgments drawn by him, although erroneous and prejudicial to the rights of parties, are, when approved and signed by the court, to be presumed to be the acts of the court rather than the clerk, for which, for obvious reasons, and on well-settled principles, no right of action exists.

Wherefore, the judgment is *affirmed*.